7824.080

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:                                    )
                                          )
LEROY BARNETT ELROD,                      )
                                          )    Case No. 15-10569-M
                         Debtor.          )    Chapter 7
                                          )

### FIRST PRYORITY BANK'S COMBINED MOTION
### TO DETERMINE REAL ESTATE IS NOT PART OF DEBTOR'S ESTATE,
### THE AUTOMATIC STAY IS INAPPLICABLE,
### FOR ABANDONMENT OF PROPERTY
### AND WAIVER OF 14 DAY STAY PURSUANT TO RULE 4001(a)(3)

First Pryority Bank, a creditor herein, files this Combined Motion seeking: (1) a determination that certain real property listed on the Debtor's Schedule A is not part of the Estate, because it is in fact owned by third parties; (2) a determination that the automatic stay regarding 11 USC §362(a) is in applicable to such real property listed in the Debtor's Schedules, for the reason that it is not part of the Debtor's "Estate" pursuant to 11 USC §541; (3) for abandonment of the real estate by the Trustee pursuant to 11 USC §554; and (4) a waiver of the 14 day stay provided in Fed. R. Bankr. P. 4001(a)(3). In support thereof, First Pryority Bank would respectfully show this Court it has been in communication with the Trustee for the Estate, Patrick J. Malloy, III, who has authorized the undersigned to represent to the Court that he has no objection to this Application. Additionally, the Bank would show this Court as follows:

1

## I.

## INTRODUCTION

1.      The Debtor filed his Schedules in this case on April 27, 2015.   Schedule A listed several pieces of real property; however, the Schedule does not have the exact and complete legal description of each property. (Docket Entry #29, pages 20-23).   The complete legal description of each of the parcels of real property is attached hereto marked Exhibit # 1.

2.      However, each and every piece of real property listed on the Debtor's Schedule A is not owned in the Debtor's name; but, is in fact owned by third party corporations or limited liability companies that are not currently debtors involved in any bankruptcy proceeding.

3.      Beginning in 2008, First Pryority Bank filed a series of mortgage foreclosure lawsuits on defaulted Promissory Notes secured by real property in the state of Oklahoma.

4.      Although the Debtor, Elrod, may have been a stock holder in the defendant corporations or a member in the defendant limited liability companies, he was not personally liable on the underlying indebtedness or the record owner of title to the real property pledged a collateral in the recent foreclosure cases.

5.      In an intentional, bad faith effort to hinder and delay the Bank from proceeding on its foreclosures and sale of the real properties involved, the Debtor and his counsel, filed an Advice of Bankruptcy in several of the Bank's foreclosure cases in which the Debtor, Elrod, is not a party defendant.   Copies of two of those pleadings are attached marked Exhibits "A" and "B".

2

6.     The District Courts in the foreclosure cases treated the Advice of Bankruptcy's as filings that were "strangers" to the pending cases, because Elrod was not a party to the litigation.

7.     However, now the Bank, who purchased the properties at Sheriff's Sale, is ready to sell several lots to a third party buyer, but has just received notification from the title company that it will not issue title insurance to the buyer because of the cloud on the title caused by Elrod's filing his Advice of Bankruptcy and listing the property on his bankruptcy Schedule "A".

8.     Specifically, one foreclosure case involved First Pryority Bank bringing an action against the maker of a Note named NLCO, Inc. in that case styled *First Pryority Bank vs. Donald N. Moon, et al and NLCO, Inc.*, Case No. CJ-2008-1268 (Tulsa County District Court, State of Oklahoma) (the "NLCO" case).

9.     At approximately the same time, First Pryority Bank also initiated an action styled *First Pryority Bank vs. Deborah Fisher Dunn, a/k/a Deborah Fisher Irwin, New Tulsa Properties, LLC, et al*, Case No. CJ-2008-1529 (Tulsa County District Court, State of Oklahoma) (the "New Tulsa" case).

10.    At the time the loans to NLCO and New Tulsa were both made, the Bank was unaware of any connection between their respective owners and Elrod.   However, during subsequent discovery, it was determined that Mr. Elrod claimed he owned some interest in both NLCO and New Tulsa, although there is some conflict in the testimony regarding what percentage and when it was acquired; and, no discovery documents were

3

ever produced showing the issuance of stock or membership units to Elrod in either company.

11.     The Notes for both the NLCO and New Tulsa cases each matured at the end of one year, at which time they were not paid and mortgage foreclosure actions were instituted against both entities.

12.     In identifying the necessary parties for the litigation, each case named the record owner of title together with all claimants.   It is significant that in neither the NLCO nor the New Tulsa cases was Elrod named as a party defendant.   Additionally, at no time did he ever attempt to intervene in the case to assert any ownership in the real property which was the subject of the foreclosure actions.

13.     However, Elrod in his bankruptcy Schedule B, under paragraph 13, he lists his interest in NLCO as 50% and New Tulsa Properties at 50%.   (Docket Entry #29, page 27).

14.     The Bank is unable to sell its real property until this Court determines that such properties are not part of the Debtor's Estate and at this point is in danger of losing its buyer for the properties.

15.     Additionally, there are still pending two other foreclosure cases by First Pryority Bank in Wagoner County involving two other parcels of real property listed on Schedule "A".   These properties are the subject of the cases styled: *First Pryority Bank vs. Deborah Fisher Dunn, a/k/a Deborah Fisher Irwin, New Tulsa Properties, LLC, et al*, Case No. CJ-2008-262 (Wagoner County District Court, State of Oklahoma) and *First Pryority Bank vs. Deborah Fisher Dunn, a/k/a Deborah Fisher Irwin, New Tulsa*

*Properties, LLC, et al*, Case No. CJ-2008-263 (Wagoner County District Court, State of Oklahoma).   It is reasonable to assume the Bank will run into the same issue in these cases, and therefore requests relief from the effect of any automatic stay under 11 USC §362 to pursue judgment and sale of the real property in these cases.

16.     Upon learning of the cloud on the title, Bank emailed a letter to counsel for the Debtor, advising of the issues and circumstances and requested the Debtor consent an agreed order be submitted to this Court to remedy the title defects.   A copy of the letter is attached as Exhibit "C".   In a follow up phone call on August 27, 2015, Ms. Hyde advised she did not represent the Debtor in the Bankruptcy case and she could not speak for him about this issue.

II.

## THE REAL PROPERTY INVOLVED IN THE NLCO AND NEW TULSA CASES IS NOT PROPERTY OF THIS ESTATE.

### A. NLCO, INC.

Even though the Debtor Elrod may claim some "equitable interest" in the ownership of the real property listed on his Schedules, in fact, that property is owned in simple fee title by NLCO, Inc. an Oklahoma corporation.   Under 18 O.S. §1010, Oklahoma law provides that

> "Upon the filing with the Secretary of the State a certificate of incorporation, executed and acknowledged in accordance with the provisions of Section 7 of this Act, the incorporator or incorporators who sign the certificate, in his or their successors and assigns, from the date of such filing, shall be and constitute a body corporate by the name set forth in the Certificate, subject to the provisions of sub-section D of Section 7 of this Act and subject to dissolution and/or termination of its existence as provided for in the Oklahoma General Corporation Act."

5

In March 2004, NLCO filed its Articles of Incorporation with the Oklahoma Secretary of State and, at that time, became and has continued to be a separate and distinct entity, separate and apart from its separate individual shareholders) that can sue and be sued in its own corporate name. 18 O.S. §1016(2).   The Corporation is also authorized to conduct its business, carry on its operations, and have offices and exercise its powers within or without the state.   18 O.S. §1016(8).

A true and correct copy of the deed of record filed in the Tulsa County Clerk's Office showing the most recent transfer of title shows that the real property was purchased by NLCO, Inc. in June, 2006.   A copy of the NLCO deed is attached as Exhibit "D".

Subsequently, these lots were sold at Sheriff's Sale to the Bank.   A true and correct copy of the deed of record filed in the Tulsa County Clerk's Office of the Sheriff's Deed is attached, marked Exhibit "E".   Accordingly, Elrod, individually, has no standing to claim any ownership in the real property which is in fact owned by the corporation.

## B. New Tulsa Properties, LLC

Oklahoma law also provides a limited liability company is a separate distinct entity, providing in 18 O.S. §204 as follows:

> A. One or more persons may form a limited liability company upon the filing of executed articles of organization with the Office of the Secretary of State.
>
> B. 1. When the articles of organization become effective, the proposed organization becomes a limited liability company under the name and subject to the purposes, conditions, and provisions stated in the articles. A limited liability company formed under this act is a separate legal entity, the existence of which as a separate legal entity continues until cancellation of the limited liability company's articles of organization and completion of its winding up, if any.

6

Similarly, New Tulsa Properties filed its Articles of Organization with the Oklahoma Secretary of State on December 12, 2006, when it became and has since continued as a separate and distinct entity (separate and distinct from it individual members, including Elrod) that can sue and be sued in its own name. 18 O.S. §2003(1).   The company is also authorized to conduct its business, carry on its operations, and have and exercise the powers granted by this Section in any state…. 18 O.S. §2003(2).

A true and correct copy of the deed of record filed in the Tulsa County Clerk's Office showing the most recent transfer of title shows that the real property was purchased by New Tulsa Properties, LLC in 2007.   A copy of the New Tulsa deed is attached as Exhibit "F".

Subsequently, these lots were sold at Sheriff's Sale to the Bank.   A true and correct copy of the deed of record filed in the Tulsa County Clerk's Office of the Sheriff's Deed is attached, marked Exhibit "G".   Accordingly, Elrod, individually, has no standing to claim any ownership in the real property which is in fact owned by the corporation.

Since the real property described in the Exhibits was owned by NLCO and/or New Tulsa, as separate and distinct entities, Elrod could not and cannot own those same properties, which he improperly listed on his Schedule A.   There are absolutely no records filed in the Tulsa County Clerk's offices that identify the Debtor, Elrod, anywhere in the chain of title of ownership for any of the lots previously owned by NLCO and/or New Tulsa, which have now been purchased by the Bank at Sheriff's Sale.   Without ownership in the property, these lots cannot be property of the Estate under 11 USC §541.

7

**III.**

**The Automatic Stay Does Not Apply
To Property Which is Not Property of the Estate.**

First Pryority Bank, out of an abundance of caution, and in order to avoid any perception of disrespect for this Court's jurisdiction, seeks confirmation that the automatic stay is not applicable to the real property listed herein on the Debtor's Schedule A and as more precisely described in Exhibit "1"; or, alternatively, for relief from the automatic stay with regard to completing its sale of real property which is under contract and scheduled to close on Friday, August 28, 2015, or as soon as is practicable thereafter, subject to this Court's Order and to pursue to conclusion and sale the two remaining pending Wagoner County foreclosure cases, even though the Debtor Elrod is not a defendant.

The automatic stay applicable under 11 U.S.C. §362(a) generally provides in pertinent part that filing a bankruptcy petition "operates as a stay, applicable to all entities, of (1) commencement or continuation, including the issuance or employment of process....or <u>proceeding against the debtor</u>...(2) the enforcement, <u>against the debtor or against property of the estate</u>, ......" (Emphasis Added.)    Critical to the application of what is commonly referred to as "automatic stay" is that such s<u>tay operates only against the Debtor</u> which is the subject of the bankruptcy case <u>and/or property of the Estate</u>.    The term "debtor" means person or municipality concerning which a case under this title has been commenced."   11 U.S.C. §101 (13).

In the case now before this Court, it is clear corporate entities owned the real property involved in the NLCO and New Tulsa cases.   Since those properties were owned by corporate entities which are not debtors in a bankruptcy case, those properties

8

could not be part of the Debtor Elrod's estate; and where Elrod is not personally a defendant in those foreclosure cases, he was not and is not a necessary party to their prosecution or conclusion.

Accordingly, First Pryority Bank respectfully requests this Court determine that the real property identified on Exhibit "1" should be determined that it is not property of the estate in this bankruptcy case and that the automatic stay of this action is not applicable to the Bank pursuing its claims; or, in the alternative, that this Court should grant the Bank relief from the automatic stay in order to conclude its sale of the real property to a third-party pursuant to contract and to waive the application of the 14 day stay rule required by Fed. R. Bankr. P. 4001(a)(3).

BARROW & GRIMM, P.C.


By      s/ Wm. Brad Heckenkemper
        Wm. B. Heckenkemper, OBA No. 4041
        110 W. Seventh St., Suite 900
        Tulsa, OK   74119-1044
        (918) 584-1600 (Office)
        (918) 585-2444 (Fax)
        brad@barrowgrimm.com

        ATTORNEYS FOR
        FIRST PRYORITY BANK

## CERTIFICATE OF MAILING

I hereby certify that on this 28th day of August, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Patrick J. Malloy, III
One West 3rd Street, Suite 1750
Tulsa, OK   74103-3800


Paul R. Thomas
Office of the United States Trustee


I further certify that on the 28th day of August, 2015, I served a true and correct copy of the above and foregoing instrument by first class mail, with proper postage fully prepaid thereon, on the following, who are not (a) registered participant(s) of the ECF System:

See Attached List.


s/ Wm. Brad Heckenkemper
Wm. Brad Heckenkemper

N:\WPDOC\7824\080\2015-08-25_FPB_Application_wbh.docx
8/28/2015

Avis
300 Centre Pointe Drive
Virginia Beach, VA 23462-4415

AFNI
P.O. Box 3097
Bloomington, IL 61702-3097

First Premier Bank
601 S. Minnesota Ave.
Sioux Falls, SD 57104-4868

Bank of Oklahoma
2021 S. Lewis
Tulsa, OK 74104-5720

Chief OFC of Spec. Litigation
US. Dept of Justice – Tax Div.
P.O. Box 7238
Washington, DC 20044-7238

Francis L. Elrod
2812 E. 71st Street
Tulsa, OK 74136-5527

Capital One
P.O. Box 81083
Cleveland, OH 44181-0083

Chase Bank
P.O. Box 15298
Wilmington, DE 19850-5298

H T Sears
c/o Edgar James Leon
7785 East 2
Tulsa, OK 74129

Exchange Bank
P.O. Box 448
Skiatook, OK 74070-0448

Credit Systems Intl.
1277 Country Club Lane
Fort Worth, TX 76112-2304

J&J Appliances
11333 E. 21st Street
Tulsa, OK 74129-1802

Global Payments
P.O. Box 661158
Chicago, IL 60666-1158

First National Bank of Muskogee
2215 Chandler Rd.
Muskogee, OK 74403-4626

Judith Massey
2232 N. Denver
Tulsa, OK 74105-3650

HSBC
P.O. Box 9
Buffalo, NY 14240-0009

Focus Receivables Management LLC
1130 Northchase Parkway, Suite 150
Marietta, GA 30067-6429

OSU Medical Center
744 W. 9th Street
Tulsa, OK 74127-9020

Joe Hull Attorney
1717 S. Cheyenne Ave.
Tulsa, OK 74119-4611

Guaranty Abstract Company
320 S. Boulder
Tulsa, OK 74103-3400

Office of the United States Trustee
224 South Boulder Ave.
Suite 225
Tulsa, OK 74103-3026

Patrick J. Malloy III
Malloy Law Firm, P.C.
One W. 3rd Street, Suite 1750
Tulsa, OK 74103-3113

Joey Rawdon Trujillo
123 Mingo Way
Tulsa, OK 74116

Oklahoma Tax Commission
120 N. Robinson – Suite 2000W
Oklahoma City, OK 73102-7801

Caine & Weiner
P.O. Box 5010
Woodland Hills, CA 91365-5010

Midland Funding
8875 Aero Drive, Suite 200
San Diego, CA 92123-2255

Robert J. Elrod
12216 Candy Tuft Lane
Oklahoma City, OK 73162-1913

Chase Card
P.O. Box 15298
Wilmington, DE 19850-5298

Leroy Barnett Elrod
2812 E. 71st Street
Tulsa, OK 74136-5527

Tam, Spears, Dewitt & Hall
4115 Medical Drive, Suite 410
San Antonio, TX 78229-5637

Tulsa County Treasurer
500 South Denver
Tulsa, OK 74103-3840

Portfolio Recovery Associates LLC
P.O. Box 41067
Norfolk, VA 23541-1067

Sharp Mortgage Co.
1647 East 3rd
Tulsa, OK 74120-2807

WE Buffington d/b/a Canadian General
Finance
525 S. Main
Tulsa, OK 74103-4509

Randy Brown
535 NW 9th, Suite 205
Oklahoma City, OK 73102-1077

U.S. Attorney
110 W. Seventh Street
Suite 300
Tulsa, OK 74119-1013

Tab Services
1754 Utica Square
Tulsa, OK 74114-1400

US SEC & Exchange Comm
Midwest Regional Office
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604-2815

Okla. Empl. Sec. Comm.
P.O. Box 53039
Oklahoma City, OK 73152-3039

Paul R. Thomas
Office of the US Trustee
224 S. Boulder, suite 225
Tulsa, OK 74103-3026

William F. Elrod
8610 98th Pl.
Tulsa, OK 74133-6277

Superior Finance
P.O. Box 600
Roland, OK 74954-0600

Wells Fargo Auto Finance
P.O. Box 29704
Phoenix, AZ 85038-9704

Wells Fargo Dealer Services
P.O. Box 1697
Winterville, NC 28590-1697

Oklahoma Tax Commission
P.O. Box 269058
Oklahoma City, OK 73126-9058

Tulsa Federal Credit Union
P.O. Box 267
Tulsa, OK 74101-0267

State Farm Mutual Auto Insurance Co.
5447 E. 5th Street, Suite 110
Tucson, AZ 85711-2345

Tulsa Adjustment Bureau
1754 Utica Square
Tulsa, OK 74114-1400

Assurance Restoration
711 E. Taft Ave.
Sapulpa, OK 74066-5724